# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELE BREEANN MARTINEZ,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 1:26-cv-02836-SAB<br><br>ORDER DIRECTING RELEVANT PARTY TO CONSIDER WHETHER TO CONSENT TO THE JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE |

Plaintiff Daniele Breeann Martinez commenced this social security denial of benefits review on April 15, 2026. (ECF No. 1.) Following Plaintiff filing her opening brief, the parties filed a stipulation to voluntary remand this matter and enter judgment accordingly. (ECF No. 14.)

Pursuant to the Local Rules, all actions "brought under Title 42 of the United States Code to review a final decision of the Commissioner of Social Security, including dispositive and non-dispositive motions and matters" are automatically assigned to magistrate judges, and thereafter the parties have the opportunity to consent or decline to the jurisdiction of a federal magistrate judge. L.R. 302(c)(15). Thus, this action has been directly assigned to a Magistrate Judge only, and it appears that only one party has filed a consent/decline form on the docket. (ECF No. 6.)[1]

[1] Consent/declination forms are filed anonymously with the Court; thus, the Court has does not know which party has already filed a form.

If all parties consent, the Court will be able to directly issue an order regarding the stipulation to voluntary remand. If all parties do not consent, then the Court will issue findings and recommendations and have this matter reassigned to a district judge who will accept, modify, or decline the Court's findings and recommendations following a fourteen-day objection period. See 28 U.S.C. 636(b)(1)(A).

For the parties' benefit, the Court observes that "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation." Rush Air Sports, LLC v. RDJ Grp. Holdings, LLC, No. 1:19-cv-00385-LJO-JLT, 2019 WL 4879211, at *1 (E.D. Cal. Oct. 3, 2019); Pizana v. SanMedica Int'l, LLC, No. 1:18-cv-00644-DAD-SKO, 2020 WL 469336, at *7 n.8 (E.D. Cal. Jan. 29, 2020); see also Hon. Lawrence J. O'Neill, et al., An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis, (June 19, 2018) https://www.caed.uscourts.gov/caednew/index.cfm/news-archive/important-letter-re-caseload-crisis/ (noting that in 2018, "[e]ach District Judge handles an average of approximately 900 cases at any given time, more than double the nationwide average").

Therefore, the Court advises the relevant party "to []consider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties." Rush Air, 2019 WL 4879211, at *1; see 28 U.S.C. 636(c)(2). That said, any party "[is] free to withhold consent without adverse substantive consequences." 28 U.S.C. 636(c)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court HEREBY ORDERS that the relevant party shall have **three (3) days** from the entry of this order to consider whether to consent to the jurisdiction of a Magistrate Judge. If a party would like to consent, they are directed to file a notice indicating as such. If such party does not file a notice of consent within three days, the Court will construe that as withholding consent and issue findings and recommendations. Again, a party is "free to withhold consent without adverse substantive consequences." Id.

IT IS SO ORDERED.

Dated: **September 8, 2026**

STANLEY A. BOONE
United States Magistrate Judge